FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 2 2 2009 ★
BROOKLYN OFFICE

BENJAMIN A. KARFUNEL (BK1525)
Herbert New & David W. New, P.C.
300 Broadacres Drive, Third Floor
Bloomfield, New Jersey 07003
973-893-9696
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAPHAEL HOEFFNER, ANTHONY LONGO, ANTHONY TOMASZEWSKI and KENNETH REESE, as participants and/or former participants of the SAND, GRAVEL, CRUSHED STONE, ASHES AND MATERIAL YARD WORKERS LOCAL UNION NO. 1175 LIUNA PENSION FUND AND WELFARE FUND ON BEHALF OF THEMSELVES AND ALL PERSONS SIMILARLY SITUATED,

Plaintiffs,

vs.

JOE D'AMATO, FRANK OMBRES, ALEXANDER MIUCCIO, FRANK P. DIMENNA, and JOHN DOES 1- 4, IN THEIR CAPACITY AS TRUSTEES OF THE SAND, GRAVEL, CRUSHED STONE, ASHES and MATERIAL YARD WORKERS LOCAL UNION NO. 1175 LIUNA PENSION FUND, and WELFARE FUND,

Defendants

Case No.: 09 3160

CLASS ACTION COMPLAINT

TOWNES, J.

POLLAK, M.J.

Plaintiffs, by their attorneys Herbert New & David W. New, P.C., and as for their Complaint in this action allege as follows:

## NATURE OF ACTION

1. Plaintiffs, participants and/or former participants in certain multi-employer Trust Funds established and maintained by the Laborers International Union of North America ("LIUNA") and Sand, Gravel, Crushed Stone, Ashes and Material Yard Workers Local Union No. 1175 Pension Fund and Welfare Fund ("Local 1175 Funds") located at 34-11/19 35th Avenue, Astoria, New York 11106, bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001, et seq. on behalf of themselves and all other persons similarly situated to recover their aliquot share of the assets held by the Trustees of the Local 1175 Funds. The Building, Concrete, Excavating & Common Laborers Union Local No. 731 ("Local No. 731") now represents former members of Local 1175 after LIUNA merged the two locals making Local 731 the bargaining agent of all participants under collective bargaining agreements previously negotiated by Local 1175. Despite this change in representation, the Local 1175 Funds remain intact and active.

2. This case concerns the unlawful refusal under ERISA of the Trustees of Local 1175 Funds, to transfer to the United Plant and Production Workers, Local 175 Pension Fund and Welfare Fund ("the Local 175 Funds") on an aliquot basis, those assets attributable to payments made on behalf of members of the putative Class.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1) and (f), 28 U.S.C. § 1331, 1367 and 2202.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiffs' claims occurred within this district.

**PARTIES**

5. Plaintiff, Raphael Hoeffner ("Hoeffner"), is employed by College Point Asphalt Corp. and resides in the State of New York. Plaintiff Hoeffner is a participant in the Local 1175 Funds. Plaintiff Hoeffner is also a present participant in the Local 175 Funds by reason of a change in his collective bargaining representative from Local 731, the successor-in-interest to Local 1175, to Local 175. College Point Asphalt Corp., Hoeffner's employer, has made benefit contributions on Hoeffner's behalf into both the Local 1175 Funds and the Local 175 Funds.

6. Plaintiff, Anthony Longo ("Longo"), is employed by College Point Asphalt Corp. and resides in the State of New York. Plaintiff Longo is a participant in the Local 1175 Funds. Plaintiff Longo also is a present participant in the Local 175 Funds by reason of a change in his collective bargaining representative from Local 731, the successor-in-interest to Local 1175, to Local 175. College Point Asphalt Corp., Longo's employer, has made benefit contributions on Longo's behalf to both the Local 1175 Funds and the Local 175 Funds.

7. Plaintiff, Anthony Tomaszewski ("Tomaszewski"), is employed by College Point Asphalt Corp. and resides in the State of New York. Plaintiff Tomaszewski is a participant in the Local 1175 Funds. Plaintiff Tomaszewski also is a present participant in the Local 175 Funds by reason of a change in his collective bargaining representative from Local 731, the successor-in-interest to Local 1175, to Local 175. College Point Asphalt Corp., Tomaszewski's employer, has made benefit contributions on Tomaszewski's behalf to both the Local 1175 Funds and the Local 175 Funds.

8. Plaintiff, Kenneth Reese ("Reese"), is employed by College Point Asphalt Corp. and resides in the State of New York. Plaintiff Reese is a participant in the Local 1175 Funds. Plaintiff Reese is also is a present participant in the Local 175 Funds by reason of a change in his collective bargaining representative from Local 731, the successor-in-interest to Local 1175, to Local 175. College Point Asphalt Corp., Reese's employer, has made benefit contributions on Reese's behalf to both the Local 1175 Funds and the Local 175 Funds.

9. Upon information and belief, Defendant Local 1175 Welfare Fund is a jointly trusteed labor management multi-employer trust fund, created and existing pursuant to 29 U.S.C. § 186(c)(5) and an "employee benefit plan" within the meaning of ERISA. The purpose of this Fund is to provide health and related benefits to qualified participants and their dependents in the amounts and under the conditions specified in a Declaration of Trust, the Welfare Fund's plan and in accordance with applicable law.

10. Upon information and belief, Defendant Local 1175 Pension Fund, is a jointly trusted labor management multi-employer trust fund, created and existing pursuant to 29 U.S.C. § 186(c)(5) and an "employee benefit plan" within the meaning of ERISA. The purpose of this Fund is to provide retirement and related benefits to qualified participants and their beneficiaries in the amounts and under the conditions specified in an Amended and Restated Agreement and Declaration of Trust ("Declaration of Trust"), the Pension Fund's plan and in accordance with applicable law.

11. Defendant Joe D'Amato ("D'Amato") is the Business Manager of Union Local No. 731, a Trustee and fiduciary of the Local 1175 Funds, and is charged with the

duty to administer the Funds in accordance with all applicable laws, the plans and the Declarations of Trust.

12. Defendant Frank Ombres ("Ombres") is the Secretary/Treasurer of the Building, Concrete, Excavating and Common Laborers Union Local No. 731, a Trustee and fiduciary of the Local 1175 Funds and is charged with the duty to administer the Funds in accordance with all applicable laws, the plans and the Declarations of Trust.

13. Defendant Alexander Miuccio ("Miuccio") is an Employer Trustee of the Local 1175 Funds and a fiduciary and is charged with the duty to administer these Funds in accordance with all applicable laws, the plans and the Declarations of Trust.

14. Defendant Frank Dimenna ("Dimenna") is an Employer Trustee of the Local 1175 Funds and a fiduciary and is charged with the duty to administer these Funds in accordance with all applicable laws, the plans and the Declaration of Trust.

15. Defendants, John Does 1-4 ("John Does") are individuals who hold a fiduciary position with the Local 1175 Funds and are charged with the duty to administer these Funds in accordance with all applicable laws, the plans and the Declaration of Trust

16. The Local 175 Welfare Fund is a multi-employer trust fund organized under the laws of ERISA and was created to provide health and welfare related benefits to qualified participants and their dependents on whose behalf contributions were made. The Fund receives contributions from employers who have signed participation agreements with the Fund or collective bargaining agreements with Local 175 obligating the employers to make said contributions on behalf of their employees.

17. The Local 175 Pension Fund is a multi-employer trust fund organized under the laws of ERISA and was created to provide retirement benefits to qualified

participants and their beneficiaries. The Fund receives contributions from employers who have signed participation agreements with the Fund or collective bargaining agreements with Local 175 obligating the employers to make said contributions on behalf of their employees.

**CLASS ACTION**

18. This action is brought as a Class Action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

19. The putative class consists of all participants and/or former participants in the Local 175 Funds who have also participated in the past with Local 1175 Funds (the "Class") or who have become participants in the Local 175 Funds at time of judgment by reason of a change in their collective bargaining representation.

20. Members of the Class are so numerous that joinder is impracticable. The Class may be divided into two subclasses consisting of participants and/or former participants in each of the Local 1175 Funds referred to herein and their corresponding Local 175 Funds which is believed to be approximately 25 participants.

21. Plaintiffs' claims are typical claims of the other members of the Class. They have all been harmed by the Defendant Employee Trustees' refusal, in violation of their fiduciary duty under ERISA and Funds' Declarations of Trust, to transfer their aliquot share of the assets in the Local 1175 Funds currently held by Local 1175 Funds to the Local 175 Funds.

22. Common questions of law and fact exist as to the putative class and predominate over any question(s) solely affecting individual members of the Class. Questions include, but are not limited to, (1) whether the Defendant Trustees have

violated their duties under ERISA and/or the Funds' Declarations of Trust by causing the Plaintiffs and the members of the putative class to be deprived of their aliquot share of the assets of the Local 1175 Funds; (2) whether the Defendant Trustees have discharged their fiduciary duties solely in the interest of the members of the putative class; (3) whether the participants in Local 1175 Funds who have not become participants in the Local 175 Funds will be unjustly enriched if contributions that were made on behalf of the members of the putative class are not transferred to the Local 175 Funds; and (4) whether the members of the putative class will be deprived of part of their compensation that was contributed as benefits into the Local 1175 Funds if such transfer is not effectuated.

23. Plaintiffs are fair and adequate representatives of the Class and have retained counsel competent and experienced in Class Actions under ERISA who will fairly and adequately represent the interest of the Class.

24. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

**FACTS**

25. Members of the putative class, as participants and/or former participants in the Local 1175 Funds, each received as part of their compensation, benefit contributions by their employers into the various Local 1175 Funds.

26. On or about January 26, 2005, LIUNA merged Local 1175 into Laborers Local 731.

27. By reason of subsequent representation elections, there was a change in collective bargaining representation, or otherwise, the members of the putative Class are

now participants of the Local 175 Funds, obligating their employers ("Local 175 Employers") to cease making fringe benefit contributions to the 1175 Funds and commence making contributions to the 175 Funds.

28. The Defendant Trustees of the Local 1175 Funds are charged with the fiduciary duty under ERISA and the Funds' Declarations of Trust to, among other things, operate and administer the Funds for the sole benefit of the participants.

29. The Defendant Trustees have refused to effectuate these transfers, despite written demand, and by their unlawful conduct have wasted the assets of the Local 1175 Funds. The refusal of the Defendant Trustees to transfer these assets and their failure to administer the Funds for the sole benefit of its participants, has caused the Class to be injured in numerous ways.

30. The Defendant Trustees' failure to transfer assets has caused the members of the putative Class to incur duplicative administrative expenses in maintaining both the Local 1175 Funds and the Local 175 Funds. These costs include but are not limited to the expenses of the plan administrator, investment manager, actuary, accountant, attorney, fiduciary liability insurance policy, fidelity bond, office rent, stationary and printing. Each participant and/or former participant bears or has paid his/her pro rata share of these administrative expenses. If the Defendant Trustees are compelled to transfer the funds that were contributed on behalf of the putative Class, these duplicative fixed costs will be eliminated and there will be an increase in the value of each participant's account and/or an improvement in the quality and quantity of the benefits provided to each member of the putative Class.

31. These duplicative administrative expenses are eroding the assets of the Class members, and are depriving them of a portion of their compensation that was contributed on their behalf by their Employers into the Local 1175 Funds.

32. Upon the transfer of the Class's aliquot share of the assets in the Local 1175 Welfare Fund, the asset base of the Local 175 Welfare Fund would significantly increase, which, in turn, will enable the Funds to provide better benefits at the same contribution rates or provide the same benefits at a lower contribution rate. It will also increase the reserves necessary to insure the Fund's viability.

33. Upon transferring the assets and liabilities of the Local 1175 Pension Fund, the asset base of the Local 175 Fund will significantly increase, which, in turn, will help defray the administrative expenses of the plan as they will be consolidated in one pension plan, will prevent "breaks-in-service" for those who left the Local 1175 Funds before being vested and otherwise increase the asset base of the Plan.

34. By refusing to transfer the aliquot share of the Local 1175 Funds that were contributed on behalf of the members of the putative Class, the Defendant Trustees are depriving these individuals a portion of their earned compensation that was paid as benefit contributions to these funds. Moreover, by failing to authorize the transfer of these funds, the Defendant Trustees are unjustly enriching the remaining and any future participants in the Local 1175 Funds who have not become participants in the Local 175 Fund.

35. To fulfill their fiduciary duties under ERISA and the aforementioned Declarations of Trust, the Defendant Trustees would have to effectuate a transfer of the

aliquot share of assets of the members of the putative Class from the Local 1175 Funds to the Local 175 Funds.

**FIRST CLAIM FOR RELIEF**
**(Breach Of Fiduciary Duty)**

36. The Plaintiffs repeat each and every allegation above as if set forth herein at length.

37. 29 U.S.C. § 1104(a)(1)(A)(i) of ERISA imposes a fiduciary duty upon the Defendant Trustees to ". . . discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries, and for the exclusive purpose of providing benefits to participants and beneficiaries . . .".

38. By not effectuating the transfer of assets, the Defendant Trustees of the Local 731 Funds have failed to fulfill their fiduciary obligations imposed by ERISA.

39. By virtue of this violation of 29 U.S.C. § 1104(a)(1)(A)(i), the putative Class demands an accounting to determine their aliquot share of the assets of the Local 1175 Funds, and, thereafter, a transfer of these assets to the Local 175 Funds.

40. In addition, the putative Class demands recovery of all damages that have been sustained by the unlawful conduct of the Defendant Trustees, in an amount to be determined at trial, but in no event less than Five Hundred Thousand Dollars ($500,000.00).

**SECOND CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty to Defray Expenses in Administering the Plan)**

41. Plaintiffs repeat each and every allegation above as if set forth herein at length.

42. 29 U.S.C. § 1104(a)(1)(A)(ii), imposes a fiduciary duty upon the Defendant Trustees to "... discharge his duties with respect to a plan for the exclusive purpose of defraying reasonable expenses of administering the plan."

43. By not effectuating the transfer of assets and incurring the duplicative administrative expenses for administering the Local 175 Funds and the Local 1175 Funds, the Employee Trustees have failed to fulfill their fiduciary obligations imposed by 29 U.S.C. § 1104(a)(1)(A)(ii).

44. By virtue of the violation of 29 U.S.C. § 1104(a)(1)(A)(ii), the putative Class demands an accounting to determine their aliquot share of the assets of the Local 1175 Funds, and, thereafter, a transfer of these assets to the Local 175 Funds.

45. In addition, the putative Class demands recovery of all damages that have been sustained by the unlawful conduct of the Defendant Trustees in an amount to be determined at trial but, in no event less than Five Hundred Thousand Dollars ($500,000.00).

**THIRD CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty of Prudence)**

46. Plaintiffs repeat each and every allegation set forth above as if set forth herein at length.

47. 29 U.S.C. § 1104(a)(1)(B) imposes upon Defendant Trustees the obligation to discharge "... his duties with respect to a plan solely in the interest of the participants and beneficiaries ... with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with

like aims." By not effectuating the transfer of assets, the Defendant Trustees have failed to fulfill their fiduciary obligations imposed by 29 U.S.C. § 1104(a)(1)(B).

48. By virtue of this violation of 29 U.S.C. § 1104(a)(1)(B), the putative Class demands an accounting to determine their aliquot share of the assets of the Local 1175 Funds, and, thereafter, a transfer of these assets to the Local 175 Funds.

49. In addition, the putative Class demands recovery of all damages that have been sustained by the unlawful conduct of the Defendant Trustees in an amount to be determined at trial, but in no event less than Five Hundred Thousand Dollars ($500,000.00).

**FOURTH CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty to Administer the Local 1175 Funds in accordance with the Declarations of Trust)**

59. Plaintiffs repeat each and every allegation set forth above as if set forth herein at length.

51. 29 U.S.C. § 1104(a)(1)(D), posses a fiduciary duty upon the Defendant Trustees to ". . . discharge his duties with respect to a plan solely in interest of the participants and beneficiaries and . . . in accordance with the documents and instruments governing the plan . . .".

52. Article 2, Section 2 of the Local 1175 Pension Fund Declaration of Trust states that "The Fund shall be a Trust Fund and shall be used for the purpose of providing Pension Benefits, as decided by the Trustees, and shall further provide the means for financing the expenses of the Trustees and the operation and administration of the Fund, in accordance with this Agreement and Declaration of Trust."

53. Article 2, Section 1 of the Local 1175 Welfare Fund's Declaration of Trust states "The Trust Fund shall be used by the Trustees to pay and provide for the payment of premiums on policies of group life insurance, group accident and health insurance, group disability, group hospital, medical and surgical insurance, and to pay or provide for any other benefit, . . . as determined by the Trustees for the benefit of the employees or the dependents of any of the employees".

54. By not effectuating the transfer of assets, Defendant Trustees have failed to fulfill the fiduciary obligation under the governing Declarations of Trust, and, therefore, under 29 U.S.C. § 1104(a)(1)(D).

55. By virtue of this violation of 29 U.S.C. § 1104(a)(1)(D), the Punitive Class demands an accounting to determine the aliquot share of the assets of the Local 1175 Funds, and, therefore, the transfer of these assets to Local 175 Funds.

56. In addition, the Punitive Class demands recovery of all damages that have been sustained by the unlawful conduct of the Defendant Trustees, in an amount to be determined at trial but in no event less then Five Hundred Thousand Dollars ($500,000.00).

**FIFH CLAIM FOR RELIEF**
**(Unjust Enrichment)**

57. Plaintiffs repeat each and every allegation set forth above as if set forth herein at length.

58. Part of the compensation that the members of the putative Class received for their labors were contributions by their Employers into the Local 1175 Funds. If the Local 1175 Funds are not ordered to transfer these assets to the Local 175 Funds, these assets will unjustly inure solely to the benefit of the remaining participants in the Local

1175 Funds, and the members of the putative Class will derive no benefit from that portion of the contributions that their Employers previously made on their behalf.

59. By not effectuating the transfer of assets, the Defendant Trustees have unjustly enriched the remaining participants of the Local 1175 Funds.

60. By virtue of the unlawful conduct of the Defendant Trustees, the putative Class demands an accounting to determine their aliquot share of the assets of the Local 731 Funds, and, thereafter, the transfer of these assets to the Local 175 Funds.

61. In addition, the putative Class demands recovery of all damages that have been sustained by the unlawful conduct of the Defendant Trustees, in an amount to be determined at trial, but in not event less than Five Hundred Thousand Dollars ($500,000.00).

WHEREFORE, members of the putative Class demand judgment as follows:

a. On the First Claim for Relief, directing the Defendant Trustees to give an accounting to determine the putative Class members' aliquot share of the assets of the Local 1175 Funds, and, thereafter, directing the transfer of these assets to the Local 175 Funds, together with all damages that have been sustained in an amount to be determined at trial, but in no event less than Five Hundred Thousand Dollars ($500,000.00);

b. On the Second Claim for Relief, directing the Defendant Trustees to give an accounting to determine the putative Class members' aliquot share of the assets of the Local 1175 Funds, and, thereafter, directing the transfer of these assets to the Local 175 Funds, together with all damages that have been sustained in an amount to be determined at trial, but in no event less than Five Hundred Thousand Dollars ($500,000.00);

c. On the Third Claim for Relief, directing the Defendant Trustees to give an accounting to determine the putative Class members' aliquot share of the assets of the Local 1175 Funds, and, thereafter, directing the transfer of these assets to the Local 175 Funds, together with all damages that have been sustained in an amount to be determined at trial, but in no event less than Five Hundred Thousand Dollars ($500,000.00);

d. On the Fourth Claim for Relief, directing that Defendant Trustees to give a accounting to determine the putative Class members' aliquot share of the assets of the Local 1175 Funds, and, thereafter, directing the transfer of these assets to the Local 175 Funds, together with all damages that have been sustained in an amount to be determined at trial, but in no event less than Five Hundred Thousand Dollars ($500,000.00);

e. On the Fifth Claim for Relief, directing the Defendant Trustees to give an accounting to determine the putative Class members' aliquot share of the assets of the Local 731 Funds, and, thereafter, directing the transfer of these assets to the Local 175 Funds, together with all damages that have been sustained in an amount to be determined at trial, but in no event less than Five Hundred Thousand Dollars ($500,000.00);

f. The granting of reasonable attorney's fees and costs of this action.

HERBERT NEW & DAVID W. NEW, P.C.

By: Benjamin A Karfunkel
BENJAMIN KARFUNKEL

Dated: July 20, 2009

\\server1\terry\local 175\o'shea v. biancaniello\complaint.doc