# ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

## 875 THIRD AVENUE, 9TH FL.

## NEW YORK, NEW YORK 10022

---

### (212) 603-6300

---

### FAX (212) 956-2164

## September 3, 2013

Jennifer S. Smith
(212) 603-6332
jss@robinsonbrog.com

**VIA ECF**

Hon. Judge Pamela K. Chen
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** ***Ralph Hoeffner, et al. v. Joe D'Amato, et al.***
> **Civil Action No. 09-3160(PKC)(CLP)**

Dear Judge Chen:

We represent Plaintiffs in the above-referenced action. We write in response to Defendants' request for an extension of time from September 6 to September 13, to respond to Plaintiffs' Aug. 30, 2013 premotion letter. We did respond to Defendants' 4:30 p.m. extension request on Friday afternoon at approximately 5:35 p.m., by voicemail and then by email, but did not reach Defendants before they efiled at 5:55 pm.

As a rule, we believe strongly in granting adjournments to opposing counsel, provided there is no prejudice to our clients. (Indeed, we agreed to extend certain discovery deadlines by an extraordinary 2 ½ months earlier this year, in light of physical injuries suffered by Defendants' lead counsel, who is not a solo practitioner.) We trust this track record of generous prior adjournments will establish our good faith in addressing Defendants' instant request.

In this instance, we fear the requested extension would indeed prejudice Plaintiffs. We therefore ask the Court to either: (1) grant Plaintiffs interim relief that would eliminate the prejudice, or (2) grant Defendants a shorter adjournment to September 10, 2013, with any premotion conference scheduled on or before September 12, 2013 (Sept. 13 being Yom Kippur).

We remind the Court that Defendants unilaterally chose to trigger Section 1415's 60-day statutory deadline in mid-August — at a challenging time of year, and during an existing motion cycle in this action — a time squeeze which, if not deliberate, has certainly inured to Defendants' benefit. Between mid-August and mid-September, all New York attorneys struggle to co-ordinate necessary meetings and obligations in and around the many vacations, school obligations and religious holidays observed by opposing counsel, co-counsel, colleagues, expert

Hon. Pamela K. Chen
September 3, 2013
Page 2

advisors, consultants and clients. Since receiving Defendants' Section 1415 notices in mid-August, Plaintiffs have certainly labored under these scheduling complications.[1]

In addition, the undersigned is on trial September 16-19 and then out of the country. If Defendants do not respond until September 13, the first available premotion conference date is September 23, less than three weeks before the October 11, 2013 PBGC appeal deadline, which would itself require significant preparation.

In light of this possible prejudice to Plaintiffs, rather than deny Defendants' adjournment, we suggest a mutually acceptable compromise. We suggest, in order of preference:

1. Defendants stipulate to permit the Local 175 Pension Fund to accept the noticed Section 1415 transfers, without prejudice to Plaintiffs' right to continue litigating the remaining disputes.

2. The Court issue an order to the effect of option (1).

3. Defendants withdraw the Section 1415 Notices, to stop the clock running on the PBGC appeal deadline.

4. The Court issue a stay of Plaintiffs' deadline to respond to the notices, pending final resolution of the Section 1415 claim.

5. Defendants be granted an adjournment to **Sept. 10**, with any premotion conference to be held on or before **Sept. 12** (as Sept. 13 is Yom Kippur).

As we have suggested to Defendants, we believe a stipulated consent order under Option (1) is advantageous for all parties. It would eliminate procedural uncertainty for Plaintiffs. It would arrest Defendants' continuing liability for prejudgment interest on transfers all parties now concede are required by law. Moreover, it would eliminate the continuing actuarial complications caused as individual workers live their lives over the years this litigation remains pending (*e.g.*, retire).[2]

Having addressed the exigent October 11, 2013 PBGC appeal deadline, Defendants could then take as much time as needed to respond to Plaintiffs' request for the Court to lift its ban on partial summary judgment motions and permit Plaintiffs to move for summary judgment on their Section 1415 claims.

After efiling her letter, Defendants' counsel emailed on Friday to say she was "not in a position to respond" to Plaintiffs' suggestions for consensual resolution of her adjournment request. We therefore repeat these suggestions to the Court.

---

[1] Defendants suggest Plaintiffs filed their premotion conference request on August 30 because it was the eve of a long weekend. In fact, Plaintiffs filed on August 30 because the matter is time-sensitive, and it was the earliest possible time, in light of Plaintiffs' reply papers due August 28, and Plaintiffs' unsuccessful attempt to confer with Defendants on consensual resolution of the dispute, also on August 28.

[2] Indeed, it is fair to say that now that Defendants have conceded their liability to make the Section 1415 pension asset transfers, the only remaining issues in the case (*i.e.*, prejudgment interest, attorneys' fees, and actuarial treatment of pension payments made for workers who retired between 2005 and 2013) have all been caused simply by Defendants' eight-year delay in initiating the transfers. Eliminating the ongoing accumulation of problems due to continuing delay in transferring the pension assets, would benefit all parties and simplify judicial resolution of the dispute.

Hon. Pamela K. Chen
September 3, 2013
Page 3

Respectfully submitted,

Jennifer S. Smith