ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

875 THIRD AVENUE, 9TH FL.

NEW YORK, NEW YORK 10022

(212) 603-6300

FAX (212) 956-2164

October 11, 2013

**VIA ECF**

Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Ralph Hoeffner, et al. v. Joe D'Amato, et al.*
            Civil Action No. 09-3160(PKC)(CLP)

Dear Judge Pollak:

    We represent Plaintiffs in the above-referenced action. In light of the October 11, 2013 expert report deadline, we are writing to follow up on our status letter of September 27, 2013, concerning Plaintiffs' September 10, 2013 request for prompt production of documents located in the Local 1175 Fund "basement." We had specifically requested prompt production to enable Plaintiffs to analyze the documents and produce a welfare fund expert report on or before the Stipulated Discovery Order deadline of October 11, 2013, without need for further adjournment. Deferring decision, Your Honor had ordered the parties to meet and confer with their experts, to determine whether the contents of the recently produced Local 1175 Fund database were sufficiently "complete" to moot production of the hard copy documents as duplicative.

    Unfortunately, the parties were unable to address this question during the October 7, 2013 meet and confer. Defendants' counsel appeared with two representatives of the Funds' database vendor, but declared at the outset of the meeting that the representatives "cannot vouch for the completeness of the data."[1]

    As a result, the completeness of the database remains an open question. Despite having no strong desire to rifle through boxes and boxes of old documents in a space Defendants have repeatedly described as a "basement," Plaintiffs unfortunately have no basis to conclude that all information that might be contained in these paper documents has already been produced via the

---

[1] The database vendors kindly made themselves available for a few hours to answer any questions Plaintiffs' experts might already have concerning the database structure and searching methods, and we appreciate their time and courtesies. Through no fault of their own, however, this was not the purpose of the Court-ordered meet and confer, and did not facilitate resolution of the question before the Court.

Hon. Cheryl L. Pollak
October 11, 2013
Page 2

database, and the parties' dispute over Defendants' failure to produce the "basement" documents remains before the Court.

Plaintiffs made this request on September 10, 2013 in hopes of avoiding an adjournment of the expert report deadlines, and further litigation delay. Under the circumstances, however, because Plaintiffs cannot finalize their welfare expert report until after Defendants' documents are received and analyzed, we would respectfully ask the Court to reset Plaintiffs' expert report deadline on a future date, after the outstanding dispute over production of the "basement" documents has been resolved.[2]

Respectfully submitted,

*/s/ Jennifer S. Smith*

Jennifer S. Smith

cc:
Barbara S. Mehlsack (via ECF)
GORLICK, KRAVITZ & LISTHAUS, P.C.
17 State Street, 4th Floor
New York, New York 10004
Tel. (212) 269-2500
Fax. (212) 269-2540
BMehlsack@gkllaw.com
*Attorneys for Defendants*

---

[2] Although the parties have traditionally been accommodating of each other's adjournment requests, Plaintiffs cannot request a stipulated adjournment from Defendants until they know whether, and if so when, the "basement" documents will be produced. Defendants have requested an unspecified adjournment from Plaintiffs of their own expert report deadline, to which we are amenable, but have not yet been presented with a specific stipulation.